UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Benjamin McKenzie, | : |
| Plaintiff, | : Civil Action No.: 13-0685 (RC) |
| v. | : Re Document No.: 2 |
| U.S. Coast Guard, | : |
| Defendant. | : |

# MEMORANDUM OPINION

### GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

On May 13, 2013, the *pro se* Plaintiff, Benjamin McKenzie, filed a one-line complaint and motions for a preliminary injunction (PI) and temporary restraining order (TRO). *See* Compl., ECF No. 1-1 at 3; Mot. for TRO, ECF No. 1-1 at 8; Mot. for PI, ECF No. 1-1 at 9. On the same day, the Defendant, U.S. Coast Guard, removed this case from the Superior Court of the District of Columbia and now moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Mot. to Dismiss at 1; ECF No. 2. Alternatively, Defendant moves for a more definite statement of the claim and relief sought. *Id.* After reviewing the Plaintiff's complaint, his two motions, and his response[1] to Defendant's motion to dismiss, this Court grants the Defendant's

---

[1] The Plaintiff was informed that failure to respond to a dispositive motion could result in this Court granting Defendant's motion to dismiss. *See* Order, ECF No. 6 (advising Plaintiff that failure to respond to Defendant's motion to dismiss may deem the matter as conceded). The Plaintiff submitted correspondence to this Court on August 6, 2013, but failed to include more factual allegations or a more definite statement of his claims against Defendant to meet the requirements of Rule 8(a) and Rule 12(b)(6). *See* ECF No. 7.

motion to dismiss and denies the Plaintiff's motions for preliminary injunction and temporary restraining order.

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556).

Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79).

The Plaintiff's complaint[2] fails to meet these standards. Moreover, the Plaintiff's motions for a preliminary injunction and a temporary restraining order are as incomprehensible as his complaint. The Plaintiff argues in both motions, using similar language, that "[t]he Coast Guard has to stop operations that are taking away from personal time and resources and creating a personal hyper feeling." *See* Mot. for TRO, ECF No. 1-1 at 8; Mot. for PI, ECF No. 1-1 at 9.

---

[2] The Plaintiff's complaint, in one line, includes as its only allegation that "[n]ot enough flexibility in scheduling of meeting request meet [sic] be rescheduled for December 31, 2099 [sic]." *See* Compl. ¶ 1.

Defendant correctly argues that Plaintiff fails to assert any grounds for establishing the necessary elements of a preliminary injunction or a temporary restraining order.  *See* Br. for Mot. to Dismiss at 5-6, ECF No. 2 at 7-8.

This Court advised the Plaintiff that failure to respond to the Defendant's motion to dismiss by July 31, 2013 would result in this Court treating Defendant's motion as conceded. *See* Order, ECF No. 6.  In correspondence to the Court dated July 28, 2013, the Plaintiff failed to provide any additional basis for his allegations and failed to provide a more definite statement of his claims.  *See* ECF No. 7.

Without sufficient plausible factual allegations to support Plaintiff's claims, the complaint and the motions fail to set forth either the factual or legal basis for Plaintiff's claim. Accordingly, this Court will dismiss the Plaintiff's complaint and deny his motions for preliminary injunction and temporary restraining order.  A separate Order accompanies this Memorandum Opinion.

Dated:  October 25, 2013                              RUDOLPH CONTRERAS
                                                                              United States District Judge